UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMBOLDT B.V. and
MPS NORTH AMERICA, INC.,

    Plaintiffs/Counter-Defendants,

Case No. 1:17-cv-983

v.

HON. JANET T. NEFF

LORNIC DESIGN, INC.,

    Defendant/Counter-Claimant.

_____/

## CASE MANAGEMENT ORDER
**(Patent Litigation)**

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Motions to Join Parties or Amend Pleadings | APRIL 20, 2018 |
| Deadlines For Court Ordered Disclosures<br>    Patent Claims<br>    Prior Art<br>    Chart of Claims and Defenses | <br>MARCH 2, 2018<br>MARCH 23, 2018<br>MARCH 30, 2018 |
| Other Disclosures<br>    Rule 26(a)(1) Disclosures | <br>FEBRUARY 9, 2018 |
| Voluntary Exchange of Documents | FEBRUARY 12, 2018 |
| If Advice of Counsel Defense is Claimed<br>Written Election to be Filed: | Not Later Than 14 Days<br>After the Markman Decision |
| Claim Construction Issues<br>    Comprehensive/Joint Statement Due<br>    Opening Briefs Due<br>    Response Briefs Due | <br>APRIL 20, 2018<br>MAY 25, 2018<br>JUNE 8, 2018 |
| *Markman* Hearing<br>    Before<br>    Date:<br>    Time: | <br>Hon. Janet T. Neff<br>JULY 19, 2018<br>10:00 a.m. |

1. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2. <u>COURT-ORDERED DISCLOSURES</u>: The court orders the parties to file and serve the following disclosures:

    a. <u>Patent Claims</u>.  No later than the date set forth in the table above, plaintiffs shall file and serve a disclosure, listing each claim of the patents-in-suit that plaintiffs contend have been infringed by products of defendant and the identity of the accused item alleged to infringe each such claim.

    b. <u>Prior Art</u>.  By the date set forth in the table above, defendant shall file and serve a disclosure of all prior art that it contends invalidates any patent-in-suit, identifying the claim or claims allegedly invalidated.  Defendant may limit disclosure to those claims identified by plaintiffs in response to paragraph a. hereof.

    c. <u>Chart Disclosing Claims and Defenses</u>.  The parties shall collaborate in preparing a comprehensive chart identifying the following information: (1) all claims of each patent-in-suit that plaintiffs will contend at trial has been infringed; (2) all items that plaintiffs accuse of infringing each such claim; comparing the accused item to each element of each claim and disclosing whether infringement is literal or by equivalents; (3) all reasons for noninfringement and defenses asserted by defendant in response to each charge of infringement.  The parties shall endeavor to set forth their contentions as completely as possible, but may amend or modify the disclosures in the chart for good cause shown.  The chart, along with a stipulation as to its accuracy, shall be filed no later than the date set forth in the table above.

    d. <u>Scope and Effect of Disclosures</u>.  Each party shall make the disclosures ordered above based on information then reasonably available to it.  A disclosure may be supplemented or amended upon a showing of good cause.  The parties shall be bound at trial by their disclosures.

3. <u>DISCLOSURES AND EXCHANGES</u>: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. <u>ADVICE OF COUNSEL</u>: No later than the date set forth in the table above, defendant shall file and serve a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement.  Such an election will waive the attorney-client privilege otherwise applicable to advice of counsel and will require prompt disclosure of all written opinions embodying such advice.  The parties may thereafter pursue this issue by discovery.

5.  RESOLUTION OF CLAIM CONSTRUCTION ISSUES: In light of the decision in *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the court establishes the following procedures for resolution of the claim construction issues in this case: (1) the parties shall collaborate in preparing a comprehensive statement of all claim construction issues for each claim identified in the chart described above, to be filed no later than the date set forth in the table above; (2) the parties shall file their opening and response briefs on claim construction issues no later than the dates set forth in the table above. Each *Markman* brief, which shall not exceed 20 pages in length without prior leave of court, shall address the following issues: the party's proposed construction for each disputed claim identified in the comprehensive statement, including an identification and definition of any terms of art, technical terms, and terms which the party contends are used contrary to their normal usage in everyday language; in the case of any disputed claim that contains "means plus function" language, an analysis in accordance with 35 U.S.C. section 112 (paragraph 6) of the structure described in the specification and the range of equivalents asserted by plaintiffs; the party's definition of the person of ordinary skill in the relevant art for each patent-in-suit; the party's evidence, authorities and arguments supporting its position on each disputed claim construction issue; a statement whether the party contends that the disputed issue is susceptible to resolution by summary judgment without the taking of evidence; and an identification and description of all extrinsic evidence, including expert witness testimony, if any, that the party proposes to offer at any hearing addressed to claim construction issues. A *Markman* hearing will be held at the date and time set forth in the table above.

6.  MOTIONS:

    a.  Non-dispositive

Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LcivR 7.1(d).

    b.  Dispositive

        i.  Pre-Motion Conference

            (1) **A pre-motion conference with the Court is required before filing any dispositive motion**, except no pre-motion conference is required before filing a post-trial motion, a bankruptcy appeal, or a dispositive motion in a case referred to a magistrate judge.

  (2) To arrange a pre-motion conference, the movant shall file a Pre-Motion Conference Request, not to exceed three (3) pages, with a brief description of the grounds for such motion. Each party served with a Pre-Motion Conference Request must file a Response to Pre-Motion Conference Request within seven (7) days; the response shall not exceed three (3) pages. Opposition to requests for a pre-motion conference will not be considered.

  (3) At the pre-motion conference, the Court will determine a briefing schedule.

 ii. Statements of Material Facts on Motion for Summary Judgment

  (1) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Each paragraph must be followed by citation to the evidence. Failure to submit such a statement may constitute grounds for denial of the motion.

  (2) There shall be annexed to the response to the motion for summary judgment a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Each paragraph must be followed by citation to the evidence.

  (3) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

 iii. Filing of Dispositive Motion Papers

  (1) **No motion papers shall be filed until the motion has been fully briefed.**

  (2) The movant must serve each party on the briefing schedule due date with a hard copy of the motion, all supporting papers, and a cover letter stating whom the movant represents and which documents are attached. A copy of the proof of service <u>only</u> shall be filed.

      (3)      Opposing parties must serve the movant on the briefing schedule due date with two copies of their response papers (one copy is for inclusion in the later submission to Chambers pursuant to Administrative Order 07-026). A copy of the proof of service <u>only</u> shall be filed.

      (4)      Any further motion papers shall be served in the above manner on the due date. A copy of the proof of service <u>only</u> shall be filed.

      (5)      **Each party is responsible for filing its motion papers via ECF on the day the motion is fully briefed, with the moving party first filing the motion. Once the moving party has filed the motion, response and reply documents may be electronically filed.** Pursuant to Administrative Order 07-026, upon filing of the motion, the movant shall also provide Chambers with a <u>full set</u> of courtesy copies of the motion papers together with a cover letter specifying each document in the package.

iv.    Dispositive motions must adhere to W.D. Mich. LcivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

v.    Oral argument may be requested pursuant to W.D. Mich LcivR 7.2(d). The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

vi.    In cases where oral argument is heard and counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom. The evidence presentation allows for the projection of evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables. This technology eliminates the cumbersome process of handling paper evidence. Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions. Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance. You may contact the Court's IT department by sending an e-mail to <u>courttech@miwd.uscourts.gov</u> or by calling (616) 456-2523. Information concerning the features of the system are available at the court's website: <u>www.miwd.uscourts.gov</u>. *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom.*

7.     <u>STATUS CONFERENCE</u>: Following the Markman decision in this matter, the Court will schedule a status conference to determine the remaining case management order dates and deadlines. The parties will be required to file a revised joint status report.

Dated: January 30, 2018                    /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        UNITED STATES DISTRICT JUDGE