## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HUMBOLDT B.V., and MPS NORTH
AMERICA, INC.

        Plaintiff,

    v.

LORNIC DESIGN, INC.,

        Defendant.

C.A. No. 1:17-cv-00983

**Judge: Hon. Janet T. Neff**

## JOINT COMPREHENSIVE CHART OF CLAIMS AND DEFENSES

Plaintiffs and counterclaim defendants Humboldt B.V. and MPS North America, Inc. (collectively "Plaintiffs"), and Defendant Lornic Design, Inc. ("Defendant") submit this Joint Comprehensive Chart of Claims and Defenses in accordance with the Court's *Case Management Order* (ECF No. 15).

Plaintiffs assert that Defendant's products CW-301, SW-200, SW-201R2, and SW-201-Rf infringe one or more claims of U.S. Patent No. 9,433,225 (the "'225 patent"). A claim chart setting forth Plaintiffs' infringement contentions and Defendant's defenses thereto for each product is attached hereto as Exhibits A – D, respectively.

### Plaintiffs' Objection to Defendant's Disclosure of Invalidity Defenses

Plaintiffs, however, note for the record that the present Joint Comprehensive Chart of Claims and Defenses is being filed under protest. Plaintiffs object to Defendant's disclosure of its invalidity defenses in the attached charts as inadequate and failing to comply with the requirements of the Case Management Order. Specifically, Defendant has not identified the

alleged teachings in the prior art of the limitations of each claim element with sufficient detail for Plaintiffs to ascertain whether Defendant's position gives rise to a dispute about the interpretation of the claim language.

For example, Defendant alleges that the claim 1 element "wherein the female coupling member comprises a resilient cylinder comprising at least one female receiving space comprising, in cross-section, a ring having an opening with a narrowed entrance channel" is taught by, *inter alia*, the "'324 patent at Figs. 4-9; Col. 3, ll. 31-37." (Ex. A, p. 4.)  Defendant provides no indication of what in "Figs. 4-9" teaches the limitations of this element.  The cited text fares no better, and merely states: "In this case, said elastic strips mainly consist of a cylindrical part 44 provided with an opening as will allow it to be mounted freely rotatable upon one of afore-said rods 43, whereby with this purpose in mind, afore-said cylindrical part shall be provided with a (non-represented) sleeve."  Reviewing the pictures identified and the cited text it is not possible to discern what Defendant alleges teaches the claimed "female receiving space," "ring having an opening" or "a narrowed entrance channel."  Thus, it is impossible for Plaintiffs to determine what Defendant relies on in the '324 patent as teaching this element.  Consequently, Plaintiffs are unable to determine whether this invalidity assertion raises a claim construction issue.  All of Defendant's invalidity assertions for each claim element follow the same format and suffer from the same deficiencies exemplified here.

Whereas Plaintiffs did not receive Defendant's invalidity contentions until after 8:00 p.m. the night before the present Joint Comprehensive Chart of Claims and Defenses was due,[1] there

---

[1] Plaintiffs provided their infringement claim charts (complete with figures) on Tuesday, March 27 as agreed by the parties.  Defendant was to return a completed Joint Comprehensive Chart of Claims and Defenses to Plaintiffs on Thursday, March 29 for review prior to filing on Friday, March 30.  However, the claim charts Defendants returned did not contain any of Plaintiffs' figures.  Thus, Plaintiffs were required to complete the joint charts the day of the

was not time for Defendant to remedy this deficiency prior to the present filing.  Nevertheless, in an effort to avoid involving the Court, Plaintiffs have requested Defendant to remedy its deficient disclosure of invalidity contentions by specifically pointing out and explaining precisely what in the listed alleged prior art teaches each limitation of each claim element, and have allowed them to do so by the close of business on Wednesday, April 4, 2018 without further consequence.  Should Defendant fail to remedy its disclosures of invalidity contentions to comply with the requirements of the Case Management Order by that date, Plaintiffs hereby reserve their objection to Defendant's invalidity disclosures as deficient such that they may request the Court to compel Defendant to supplement its disclosures so as to not prejudice Plaintiffs' ability to timely identify claim construction disputes as required by the Case Management Order.

## Defendant's Comment to Plaintiffs' Objection

Defendant does not agree with Plaintiffs' Objection, much less the facts set forth therein. Further, Defendant submits that the instant document should be directed solely to the Joint Comprehensive Chart of Claims and Defenses.

As to the above, Defendant's submission was timely and complete. Any objection should be raised by motion with the Court, and not in this Joint document, where Defendant will vigorously oppose the same.

---

filing, despite having provided their contentions to Defendant earlier in the week under Defendant's representation it would compile the completed chart.

3

Dated: March 30, 2018

Respectfully submitted,

/s/  Chad E. Nydegger
Matthew J. Gipson (P60169)
Phoebe P. Bower (P77462)
Price Heneveld LLP
695 Kenmoor S.E.
P.O. Box 2567
Grand Rapids, MI  49546
(616) 949-9610
mgipson@priceheneveld.com
pbower@priceheneveld.com

Of Counsel:

Chad E. Nydegger
Justin J. Cassell
Workman Nydegger P.C.
 60 East South Temple, Suite 1000
Salt Lake City, UT  84111
(801) 533-9800
cnydegger@wnlaw.com
jcassell@wnlaw.com

Attorneys for Plaintiffs Humboldt B.V. and
MPS North America, Inc.

/s/  Jovan N. Jovanovic*
Jovan N. Jovanovic (P60169)
The Watson IP Group, PC
3133 Highland Drive, Suite 200
Hudsonville, MI 49426
(616) 797-1000 Telephone
(866) 369-7391 Facsimile

Attorney for Defendant Lornic, Inc.

*electronic signature by permission

4