#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF MICHIGAN
#### SOUTHERN DIVISION

| | |
|---|---|
| HUMBOLDT B.V., and MPS NORTH AMERICA, INC. | |
| Plaintiffs, | C.A. No. 1:17-cv-00983 |
| v. | **Judge: Hon. Janet T. Neff** |
| LORNIC DESIGN, INC., | |
| Defendant. | **Oral Argument Requested** |

### MEMORANDUM IN SUPPORT OF
### MOTION TO DISQUALIFY JOVAN JOVANOVIC AS TRIAL COUNSEL
### ORAL ARGUMENT REQUESTED

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A. Legal Standards .......................................................................................................... 3

    B. Mr. Jovanovic Is a Necessary Witness ...................................................................... 4

    C. Disqualifying Mr. Jovanovic as Trial Counsel Will Not Work a Substantial Hardship on Lornic .................................................................................. 7

IV. CONCLUSION ..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aleynu, Inc. v. Univ. Prop. Dev. and Acq. Corp.*,
  567 F.Supp.2d 737 (E.D. Mich. 2008)...................................................................................4

*Amsted Industries Inc. v. National Castings, Inc.*,
  1990 WL 106584 (N.D. Ill. July 11, 1990).........................................................................6, 7

*In re Apeldyn Corp.*,
  2010 WL 3035485 (Fed. Cir. 2010) (*nonprecedential opinion*)..............................................3

*Ex parte Burr*,
  22 U.S. 529 (1824)..................................................................................................................4

*City of Kalamazoo v. Michigan Disposal Serv. Corp.*,
  125 F.Supp.2d 219 (W.D. Mich. 2000) .................................................................................4

*Comark Communs., Inc. v. Harris Corp.*,
  156 F.3d 1182 (Fed. Cir. 1998)...............................................................................................5

*Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*,
  976 F.2d 1559 (Fed. Cir. 1992)...............................................................................................5

*Novartis Pharm. Corp. v. Apotex Corp.*,
  No. 02-cv-08917, 2004 WL 1396257 (S.D.N.Y. June 22, 2004) ...........................................7

*People v. Tesen*,
  276 Mich.App. 134, 143 (2007)..............................................................................................5

*Real v. Bunn-O-Matic Corp.*,
  195 F.R.D. 618, 626 (N.D. Ill. 2000).....................................................................................7

*Ryco, Inc. v. Ag-Bag Corp.*,
  857 F.2d 1418, 1429 (Fed. Cir. 1988).....................................................................................5

*In re Shared Memory Graphics LLC*,
  659 F.3d 1336 (Fed. Cir. 2011)...............................................................................................3

*University of West Virginia Board of Trustees v. Vanvoorhies*,
  278 F.3d 1288 (Fed. Cir. 2002)...............................................................................................4

**Other Authorities**

MI Rules MRPC 3.7(a) ........................................................................................................................4

Rule 30(b)(6) ..................................................................................................................................1, 2

Plaintiffs Humboldt B.V. and MPS North America, Inc. (collectively "MPS") respectfully move the Court for an order disqualifying Jovan Jovanovic ("Mr. Jovanovic") as trial counsel for Defendant Lornic Design, Inc. ("Lornic").

## I. NATURE AND STAGE OF THE PROCEEDINGS

On November 10, 2017, MPS filed the Complaint bringing claims alleging that Lornic willfully infringes U.S. Patent No. 9,433,225 ("the '225 patent"). However, the dispute between the parties started long before the filing of the Complaint. Prior to issuance of the '225 patent, Lornic began distributing an exact copy of MPS's commercial embodiment of what would become the '225 patent. (*See, e.g.,* ECF No. 69, PageID.6-7.) Consequently, in November 2016, the month after the '225 patent issued (in September 2016), MPS informed Lornic that its knock-off polishing whips infringe the '225 patent. (ECF No. 1, PageID.22.) Mr. Jovanovic represented Lornic at that time. (*Id.*)

In apparent response to these allegations of infringement, Lornic sought and obtained an opinion of counsel that its products do not infringe the claims of the '225 patent from the law firm Watson Intellectual Property Group ("Watson IP"). (Ex. A hereto.) That opinion is dated December 27, 2016, and was signed by Mr. Jovanovic. (*Id.*)

After a year of negotiations with Lornic failed to resolve the dispute, MPS filed the present lawsuit on November 11, 2017. (ECF No. 1.) Watson IP, and, specifically, Mr. Jovanovic and Vladan Vasiljevic ("Mr. Vasiljevic"), entered an appearance for Lornic by filing Lornic Design Inc.'s Answer to Complaint and Counterclaims on December 11, 2017. (ECF No. 9.) In accordance with the schedule set forth in the Case Management Order, Lornic filed a notice of its Written Election of Advice of Counsel Defense on August 17, 2018 (ECF No. 43) and produced the opinion of counsel signed by Mr. Jovanovic. On March 20, 2019 counsel for MPS took the Rule 30(b)(6) deposition of Watson IP. Mr. Jovanovic was the Rule 30(b)(6) designee for

Watson IP on all topics, which all specifically related to the opinion of counsel provided by Watson IP and signed by Mr. Jovanovic.

Following the Rule 30(b)(6) deposition of Watson IP, counsel for MPS informed Mr. Jovanovic that he would be a necessary witness at trial, and, consequently, requested that Mr. Jovanovic confirm that he would not serve as trial counsel for Lornic. (Ex. B hereto, at 4/3/2019 email from Mr. Nydegger to Mr. Jovanovic.) Mr. Jovanovic avoided directly responding to that request, instead stating, "[A]s trial is not scheduled to commence until August of 2020, we have not yet determined who will be acting as trial counsel." (*Id.* at 4/5/2019 email from Mr. Jovanovic to Mr. Nydegger.) Counsel for MPS continued to seek clarification on the issue, noting that "Plaintiffs are not asking who will be trial counsel for Lornic. Plaintiffs are asking Lornic to confirm that you [Mr. Jovanovic] will **not** be trial counsel, regardless of who (other than [Mr. Jovanovic]) may serve as trial counsel." (*Id.* at 4/8/2019 email from Mr. Nydegger to Mr. Jovanovic.) In response to this second inquiry, Mr. Jovanovic indicated that he would *not* agree to step aside as trial counsel. (*Id.* at 4/9/2019 email from Mr. Jovanovic to Mr. Nydegger.) Consequently, MPS brings the present motion to seeking disqualification of Mr. Jovanovic as trial counsel. MPS requests that oral argument be heard on the Motion.

II.     **SUMMARY OF THE ARGUMENT**

As the author of the non-infringement opinion upon which Lornic relies in defense of the claim for willful infringement, Mr. Jovanovic will be a necessary witness at trial at least with regard to the reasonableness of that opinion. Only Mr. Jovanovic can testify as to what he considered, and, perhaps more importantly, did not consider, when performing the analysis presented in the opinion. Because Mr. Jovanovic will be a necessary witness at trial, the Michigan Rules of Professional Responsibility preclude Mr. Jovanovic from acting as Lornic's counsel at trial.  To allow Mr. Jovanovic to be both a witness and advocate for Lornic at trial

would confuse the jury, and work a severe prejudice on MPS. On the other hand, Lornic would not incur significant prejudice or harm if Mr. Jovanovic is disqualified as trial counsel. MPS does not seek to disqualify the entire Watson IP firm, and Mr. Vasiljevic has actively participated as counsel for Lornic in this case from its outset. Additionally, at the time Lornic requested the non-infringement opinion from Mr. Jovanovic, it knew that MPS alleged that its products infringed the '225 patent.  Moreover, it knew that Mr. Jovanovic was the author of the non-infringement opinion before Mr. Jovanovic entered an appearance for Lornic in this case. In short, Lornic knowingly created the situation in which it now finds itself, and, as such, has no grounds to cry prejudice or harm at this juncture. Last, Lornic will not be harmed if Mr. Jovanovic is disqualified because trial is set for August 2020, more than a year away, and Mr. Jovanovic himself has stated that Lornic has "not yet determined who will be acting as trial counsel." (Ex. C at 4/5/2019 email from Mr. Jovanovic to Mr. Nydegger.) Given the severe prejudice to MPS if Mr. Jovanovic is not disqualified, and the lack of harm or prejudice to Lornic if Mr. Jovanovic is disqualified, MPS respectfully requests the Court to grant this Motion.

### III.    ARGUMENT

#### A.    Legal Standards

The disqualification of a lawyer as trial counsel is a procedural issue, to which the Federal Circuit applies the law of the regional circuit. *See, e.g.*, *In re Shared Memory Graphics LLC*, 659 F.3d 1336, 1340–41 (Fed. Cir. 2011) (applying regional circuit law in reviewing disqualification order). Where, as here, the state in which the court resides has adopted the ABA Model Rules of Professional Conduct, the Federal Circuit applies the principles of those rules. *See, e.g., In re Apeldyn Corp.*, 2010 WL 3035485, *2 (Fed. Cir. 2010) (*nonprecedential opinion*) ("Applying Third Circuit law in cases arising from district courts in that circuit, attorney disqualification is governed by the precedent of that circuit and the principles and rules set forth

in the ABA Model Rules of Professional Conduct."). Appellate courts give wide discretion to lower courts in deciding matters of disqualification. *Ex parte Burr*, 22 U.S. 529, 531 (1824); *see also University of West Virginia Board of Trustees v. Vanvoorhies*, 278 F.3d 1288, 1295 (Fed. Cir. 2002) ("This court defers to the judgment of the trial court on matters closely associated with the standard functions of the adjudicative process, as long as that judgment is not an abuse of the trial court's discretion. Such discretionary matters include motions to disqualify counsel….").

This Court follows the Michigan Rules of Professional Responsibility when assessing whether ethical standards are violated. *City of Kalamazoo v. Michigan Disposal Serv. Corp.*, 125 F.Supp.2d 219, 231 (W.D. Mich. 2000). Michigan has adopted the ABA's Model Rules of Professional Conduct, and its rule governing the disqualification of lawyers as trial counsel reads:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

MI Rules MRPC 3.7(a). Michigan has adopted this rule because "[c]ombining the roles of advocate and witness can prejudice the opposing party …." *Comments*, MI R MRPC 3.7. Mr. Jovanovic is a necessary witness in this case on the contested issue of the opinion of no infringement he signed, and his disqualification will not work a substantial hardship on Lornic.

### B. Mr. Jovanovic Is a Necessary Witness

Michigan courts hold that "attorneys are not necessary witnesses if the substance of their testimonies can be elicited from other witnesses and the party seeking the disqualification did not previously state an intent to call the attorney as a witness." *Aleynu, Inc. v. Univ. Prop. Dev. and*

4

*Acq. Corp.*, 567 F.Supp.2d 737, 751, (E.D. Mich. 2008) (quoting *People v. Tesen*, 276 Mich.App. 134, 143 (2007)). As to the second element, Lornic knows that Mr. Jovanovic will likely be a witness in this case as the author if the non-infringement opinion, and should have known that at the time Mr. Jovanovic entered an appearance in this case. If there was any doubt that Mr. Jovanovic would be a necessary witness after Lornic elected to rely on the opinion Mr. Jovanovic signed, Mr. Jovanovic was deposed during fact discovery, further indicating that Plaintiffs intended to call him as a witness. Moreover, Plaintiffs informed Lornic that Mr. Jovanovic would be a witness in this case, and, consequently, could not serve as trial counsel, at least as early as April 2019, more than sixteen months before trial. (Ex. B hereto, at 4/3/2019 email from Mr. Nydegger to Mr. Jovanovic.) Last, trial is set for August 2020, more than a year away. There is no reasonable argument that Lornic has not had reasonable notice prior to trial that Mr. Jovanovic will be called as a witness and, therefore, cannot serve as trial counsel.

Turning to the first element, Mr. Jovanovic is a necessary witness because the substance of his testimony cannot be obtained from any other source. To determine that Lornic's infringement of the '225 patent was willful, the jury must find that "under *all* the circumstances, a reasonable person would prudently conduct himself with any confidence that a court might hold a patent invalid or not infringed." *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1580 (Fed. Cir. 1992) (emphasis added) (quoting *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1429 (Fed. Cir. 1988)). The Federal Circuit holds that "before we may consider the exculpatory value of an opinion of counsel, the legal advice contained therein must be found on the *totality of the circumstances* to be competent such that the client was *reasonable* in relying upon it." *Comark Communs., Inc. v. Harris Corp.*, 156 F.3d 1182 (Fed. Cir. 1998) (emphasis added). Thus, the inquiry does not end at Lornic's state of mind

5

concerning the exculpatory opinion. Rather, the inquiry must also consider whether Lornic was *reasonable* in relying on the opinion provided by Mr. Jovanovic. Part of this inquiry involves the relationship and correspondence between Lornic and Mr. Jovanovic, and the competency of the opinion signed by Mr. Jovanovic.

According to the Federal Circuit, "the competency requirement applies to both the qualifications of the person given the opinion and to the content of the opinion itself." MPS should be able to examine Mr. Jovanovic in order to determine whether he, or someone else, actually authored the opinion that he signed, that person's experience and qualifications, and information considered and not considered in rendering the opinion. For example, MPS should be able to question whether the author of the opinion examined physical products, spoke to a person of ordinary skill in the art of the '225 patent, or relied on other sources of information about the accused products and interpreting the '225 patent in performing the analysis. Testimony on this and other related lines of questioning can be obtained only from Mr. Jovanovic, and is necessary for the jury to determine whether the opinion is competent and whether Lornic was reasonable in relying on it under the "totality of the circumstances." Indeed, this case is similar to *Amsted Industries Inc. v. National Castings, Inc.*, 1990 WL 106584 (N.D. Ill. July 11, 1990) in which the defendant National Castings sought to prevent the plaintiff, Amsted, from calling its trial counsel as a witness despite him authoring an opinion of no infringement:

> Finally, the Court notes that Amsted cannot be barred from examining [National's trial counsel] Benn simply because it could alternatively examine National representatives as to what information they provided to Benn. As the preparer of the opinion letters in question, Benn is in the best position to know what information he had before him when he formulated his opinion, what among that information was material to his opinion, and whether any information not provided to him would have been material to the conclusions which he reached. The fact that National has selected Benn as one of its trial counsel is immaterial.

6

*Amsted*, at *6. Just as in *Amsted*, as the signatory and presumed author of the opinion on which Lornic relies for its good faith defense, Mr. Jovanovic is a necessary witness in this trial.

### C. Disqualifying Mr. Jovanovic as Trial Counsel Will Not Work a Substantial Hardship on Lornic

Lornic will not suffer a substantial hardship if Mr. Jovanovic is disqualified as trial counsel. First, trial is not set until August 2020, and, consequently, Lornic has "not yet determined who will be acting a trial counsel." (Ex. C at 4/5/2019 email from Mr. Jovanovic to Mr. Nydegger.) Having not selected its trial counsel, Lornic is no position to argue that it would work a substantial hardship on Lornic to remove Mr. Jovanovic from the pool of potential trial counsel. Second, because MPS seeks only to disqualify Mr. Jovanovic and not the entire firm Watson IP, Mr. Vasiljevic, who has been fully engaged throughout this case, can serve as Lornic's trial counsel without Lornic losing any time or expense to bring in counsel unfamiliar with the case. Third, Lornic unilaterally created this entirely foreseeable situation, and it is therefore only fair that Lornic bears the consequences of its choices. *See Novartis Pharm. Corp. v. Apotex Corp.*, No. 02-cv-08917, 2004 WL 1396257, at *5 (S.D.N.Y. June 22, 2004). ("Finally, to the extent that any hardship to defendants would result from the possible disqualification of Caesar, Rivise, that hardship will be the result of defendants' unilateral choice to retain Caesar, Revise as counsel in this infringement action. The possibility that Caesar, Rivise would be a witness and might have to be disqualified was foreseeable from the outset of these proceedings. Having unilaterally created the situation in which disqualification was a possibility, it is only fair that defendants unilaterally bear the consequences.") (citing *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 626 (N.D. Ill. 2000)). It was entirely foreseeable that Mr. Jovanovic would be witness at trial as the author of the opinion of no infringement prior to him entering an appearance in this case. Consequently, Lornic knowingly placed itself at risk of having Mr.

Jovanovic disqualified as trial counsel. It is not prejudicial or a substantial hardship for Lornic to now be required to accept the consequences of that decision.

### IV.    CONCLUSION

As the signatory on the opinion of counsel Lornic relies upon in defense of willful infringement, Mr. Jovanovic will be a necessary witness at trial. Whereas trial is more than a year away, and Mr. Vasiljevic is already on the case, Lornic will not suffer any undue hardship if Mr. Jovanovic is disqualified as trial counsel.  Therefore, MPS respectfully requests the Court to enter an order disqualifying Mr. Jovanovic as trial counsel in this matter.

                                      Respectfully submitted,

Dated: June 20, 2019                    /s/  Chad E. Nydegger

                                      Matthew J. Gipson (P60169)
**PRICE HENEVELD LLP**
695 Kenmoor S.E., P.O. Box 2567
Grand Rapids, MI  49546
(616) 949-9610
mgipson@priceheneveld.com

Of Counsel:

Chad E. Nydegger
Justin J. Cassell
**WORKMAN NYDEGGER PC**
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
(801) 533-9800
cnydegger@wnlaw.com
jcassell@wnlaw.com

*Attorneys for Plaintiffs Humboldt B.V. and MPS North America, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that the Plaintiffs' **MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY JOVAN JOVANOVIC AS TRIAL COUNSEL** was filed using the Court's CM/ECF system which subsequently served the following:

Jovan N. Jovanovic (P60169)
Vladan M. Vasiljevic (P72453)
The Watson IP Group, PC
3133 Highland Drive, Suite 200
Hudsonville, MI 49426
(616) 797-1000 Telephone
(866) 369-7391 Facsimile
jjovanovic@watson-ip.com
vvasiljevic@watson-ip.com


Dated:  June 20, 2019         /s/ Chad E. Nydegger
                              Chad E. Nydegger