# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HUMBOLDT B.V. and MPS NORTH AMERICA, INC.<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>LORNIC DESIGN INC.<br><br>　　　Defendant. | Civil Action No. 1:17-cv-00983<br><br>Judge: Hon. Janet T. Neff |

**MEMORANDUM IN OPPOSITION OF PLAINTIFFS' MOTION TO
DISQUALIFY JOVAN JOVANOVIC AS TRIAL COUNSEL**

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

   A. Argument ............................................................................................................. 3

      1. Mr. Jovanovic Is Not A Necessary Witness ................................................ 4

         (a) Facts That The Defendant Neither Knew Nor Had Reason To Know Are Irrelevant ................................................................................................ 5

         (b) Federal Circuit Cases Cited By MPS Are Actually Supportive Of Lornic's Position When Read In Context ........................................................... 6

      2. Disqualifying Mr. Jovanovic Will Work A Substantial Hardship On Lornic ............. 9

      3. MPS Seeks Mr. Jovanovic's Disqualification As A Tactical Device To Gain An Advantage ................................................................................................ 9

II. Conclusion ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Comark Communs., Inc. v. Harris Corp.*, 156 F.3d 1182 (Fed. Cir. 1998) ................................. 2, 8

*Freeman v. Kulicke & Soffa Industries, Inc.*, 449 F. Supp. 974 (E.D. Penn. 1978) ....................... 9

*Halo Elec., Inc. v. Pulse Elec.*, 579 US ___ ,136 S. Ct. 1923 (2016) ............................. 1, 4, 5, 6, 8

*Jurgens v CBK, LTD.*, 80 F.3d 1566 (Fed. Cir. 1996) ................................................................ 2, 8

*Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559 (Fed. Cir. 1992) ........................................................................................................................................ 2, 7

*People v. Tesen*, 276 Mich.App. 134 (2007) ...................................................................... 2, 3, 4, 9

*Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418 (Fed. Cir. 1988) ...................................................... 2, 7

**Statutes**

MI Rules MRPC 3.7(a) .................................................................................................................. 3

I.     **INTRODUCTION**

Plaintiff Humboldt B.V. and MPS North America, Inc. (collectively "MPS"), by taking out of context statements from decades old Federal Circuit precedent, seek to have this Court create new law that is directly contrary to the Supreme Court's well-known 2016 decision regarding willful patent infringement in *Halo v Stryker* – a decision that is never even mentioned by MPS.

Indeed, it is what MPS does **not** say that speaks volumes. In attempting to disqualify Jovan N. Jovanovic ("Mr. Jovanovic") from acting as trial counsel for Lornic Design, Inc. ("Lornic"), MPS does not explain how this Court can find Mr. Jovanovic, an independent outside attorney, to be a "necessary" witness when the Supreme Court in *Halo* emphasized that "culpability is measured against the knowledge of the actor at the time of the challenged conduct" and rejected any reading of its precedents that "suggests that we should look to facts that the defendant neither knew nor had reason to know at the time he acted". *Halo Elec., Inc. v. Pulse Elec.*, 579 US ___ ,136 S. Ct. 1923, 1933 (2016) (emphasis added). In other words, the very reason MPS claims that Mr. Jovanovic is "necessary" – namely that "[o]nly Mr. Jovanovic can testify as to what he considered, and, perhaps more importantly, did not consider, when performing the analysis presented in the opinion" – is the very thing that the Supreme Court instructed should **not** be looked at. PageID.1782; *see also, Halo*, 136 S. Ct. at 1933.

MPS similarly fails to mention that **none** of the Federal Circuit cases it cites for the proposition that an independent outside attorney is a "necessary" witness actually dealt with information that was uniquely obtainable only from the independent outside attorney. To the contrary, the cases cited by MPS all focus on information that was known by the defendant, just like the Supreme Court instructed. *See Minn. Mining & Mfg. Co. v. Johnson & Johnson*

1

*Orthopaedics, Inc.*, 976 F.2d 1559, 1580-1 (Fed. Cir. 1992) (relevant factors were that opinion was oral, not written, and delivered by in-house attorney, not independent outside counsel); *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed. Cir. 1988) (relevant factor was that an outside attorney was not even contacted until accused infringer filed reexamination request); *Comark Communs., Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir. 1998) (relevant factor was conduct of the client); *Jurgens v CBK, LTD.*, 80 F.3d 1566, 1572-3 (Fed. Cir. 1996) (relevant factor was that the opinion itself was conclusory and did not contain a thorough review of the prosecution history).

MPS also makes **no** mention of the fact the Court of Appeals of Michigan specifically cautioned that "the purpose of" Michigan Rule Of Professional Conduct 3.7 (which forms the basis of MPS' attempt to disqualify Mr. Jovanovic), was "to prevent prejudice to the opposing party … not to permit the opposing party to seek disqualification as a tactical device to gain an advantage". *People v. Tesen*, 276 Mich.App. 134, 143 (2007) (emphasis added). MPS, however, never even asked whether Lornic intended to call Mr. Jovanovic as a witness (and, to be clear, Lornic will **not** call Mr. Jovanovic as a witness). PageID.1816. Instead, MPS manufactured a reason – directly contrary to Supreme Court precedent – that Mr. Jovanovic was "necessary" as an adverse witness for MPS and then demanded that Mr. Jovanovic not serve as trial counsel for Lornic. *Id*.

Moreover, despite having first raised the issue months ago, MPS filed the current disqualification motion only upon learning that the United States Patent Office ("USPTO") had granted Lornic's *Inter Partes* Review Petition ("IPR") and had, thereby, concluded that, based on the claim interpretations requested by MPS, and granted by the Court, there is a "reasonable likelihood" that at least some of the claims of U.S. Pat. No. 9,433,225 ("the '225 patent") are invalid. Exhibit A at page 2.

And, lastly, despite having deposed Mr. Jovanovic for an entire day, questioning him on hundreds of pages of Exhibits, and, generating over 200 pages of deposition transcript, MPS does **not** cite to even a single portion of the transcript as an example of the sort of testimony, apparently obtainable only from Mr. Jovanovic, that is so important to MPS' case that it necessitates calling Mr. Jovanovic as an adverse witness and depriving Lornic of its constitutional right to counsel.

The attempt to disqualify Mr. Jovanovic by calling him as an adverse witness is nothing but the sort of "tactical device to gain an advantage" that the Court of Appeals of Michigan condemned.  The Court should not create new law by finding that facts or information known only to an independent outside counsel, and obtainable only from him, are in any way relevant to the question of whether an alleged patent infringer was willful in their actions.  Instead, consistent with Supreme Court precedent, the Court should find that Mr. Jovanovic is not a "necessary" witness and, accordingly, reject MPS' attempt to disqualify him.

A. <u>Argument</u>

MPS seeks to use the shield of Rule 3.7 as a sword to achieve a tactical advantage. The Court should reject its attempt to do so.

Michigan Rule Of Professional Conduct 3.7 provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where … disqualification of the lawyer would work substantial hardship on the client." MI Rules MRPC 3.7(a).  In interpreting this rule, "Michigan courts have observed that the purpose of the rule is … to prevent prejudice to the opposing party … not to permit the opposing party to seek disqualification as a tactical device to gain an advantage". *Tesen*, 276 Mich.App. at 143.

MPS claims that Mr. Jovanovic is a necessary witness because "[o]nly Mr. Jovanovic can testify as to what he considered, and, perhaps more importantly, did not consider, when performing the analysis presented in the opinion." PageID.1782. Such a claim is directly contrary to recent Supreme Court precedent regarding the proper factors to consider in determining whether patent infringement was willful. *See Halo*, 136 S. Ct. at 1933. MPS seeks to have this Court create new law that knowledge available "only" to an outside independent attorney is relevant to the question of whether an accused infringer acted willfully. And yet, MPS points to no evidence obtained from Mr. Jovanovic during his deposition that it believes is so beneficial to its case as to warrant asking this Court to contravene clear Supreme Court precedent.

The fact that MPS has not identified any of Mr. Jovanovic's deposition testimony makes it appear as if MPS' purpose in calling Mr. Jovanovic as an adverse witness is less about introducing facts helpful to MPS and more about depriving Lornic of its chosen counsel. The Court should reject MPS' attempt to "seek disqualification as a tactical device to gain an advantage". *Tesen*, 276 Mich.App. at 143.

### 1. Mr. Jovanovic Is Not A Necessary Witness

MPS makes clear that Mr. Jovanovic's "necessity" as a witness – an adverse witness for MPS – is entirely based on his authoring of the non-infringement opinion that is being offered to defend against MPS' accusation that Lornic infringed the '225 patent willfully. *See* PageID.1782 ("[a]s the author of the non-infringement opinion … Mr. Jovanovic will be a necessary witness…"); *see also* PageID.1785 ("Lornic knows that Mr. Jovanovic will likely be a witness in this case as the author if [sic] the non-infringement opinion…"). Accordingly, Mr. Jovanovic's "necessity" must be determined with reference to the caselaw regarding willful patent infringement. And that caselaw was fundamentally altered in 2016 when the Supreme Court, in

4

deciding *Halo v Stryker*, overturned years of Federal Circuit precedent. *See Halo*, 136 S. Ct. at 1927. In so doing, the Supreme Court refocused the inquiry on "the knowledge of the actor at the time of the challenged conduct". *Id* at 1933. But any facts Mr. Jovanovic may possess regarding Lornic's knowledge are more than superseded by the facts known to Nicholas Hahn ("Mr. Hahn") who is Lornic's corporate designee in this matter, its president, and its only employee. Accordingly, since Mr. Jovanovic's possession of the relevant facts is, at best, duplicative of, and secondary to, Mr. Hahn's, Mr. Jovanovic is not a "necessary" witness.

    (a)  <u>Facts That The Defendant Neither Knew Nor Had Reason To Know Are Irrelevant</u>

In *Halo v Stryker* the Supreme Court found fault with the Federal Circuit's longstanding willfulness jurisprudence, which required both objective and subjective tests, because, under the Federal Circuit's analysis, an infringer could be "insulate[d] … from enhanced damages even if he did not act on the basis of the defense or was even aware of it." *Id*.  In other words, if the defense to infringement was "objectively" reasonable, then, under the Federal Circuit's caselaw, the defendant was not willful, even if the defendant "subjectively" was not aware of an exculpatory reason defending its conduct. *See id* at 1932-3.  The Supreme Court was of a different opinion, writing that "culpability is generally measured against the knowledge <u>of the actor</u> at the time of the challenged conduct." *Id* at 1933 (emphasis added).

  But if knowledge that the defendant did **not** have cannot be used to exculpate him, neither can it be used to incriminate him. Addressing that issue, the Supreme Court rebutted arguments to the contrary, stating that "Nothing in *Safeco* suggests that we should look to facts that the defendant <u>neither knew nor had reason to know</u> at the time he acted." *Id* (emphasis added).

5

But those are exactly the sort of facts that MPS wants Mr. Jovanovic to testify to: "[o]nly Mr. Jovanovic can testify as to what he considered, <u>and, perhaps more importantly, did not consider,</u> when performing the analysis presented in the opinion." PageID.1782 (emphasis added).  What Mr. Jovanovic did **not** consider is the very essence of a "fact that the defendant neither knew nor had reason to know at the time he acted". *Halo*, 136 S. Ct. at 1933. As to what Mr. Jovanovic **did** consider, as an initial matter, the written opinion itself contains a listing of such materials, rendering Mr. Jovanovic's testimony wholly duplicative. More importantly, however, anything not in the opinion, and <u>exclusively</u> within Mr. Jovanovic's knowledge, would, again, be a "fact that the defendant neither knew nor had reason to know at the time he acted". *Id*.

At bottom, Mr. Jovanovic is not a necessary witness because (1) as to facts known to Lornic, Mr. Jovanovic's testimony is, at best, wholly duplicative and superseded by the testimony of Mr. Hahn and (2) as to facts not known to Lornic, and, instead, known only by Mr. Jovanovic, the Supreme Court makes clear that such should not be considered in determining whether Lornic willfully infringed the '225 patent.

> (b) <u>Federal Circuit Cases Cited By MPS Are Actually Supportive Of Lornic's Position When Read In Context</u>

In attempting to have the Court create new law – in contravention of recent Supreme Court precedent – MPS identifies four Federal Circuit cases that it claims support the proposition that facts not known by Lornic, and known only by Mr. Jovanovic, are relevant to the willfulness inquiry. PageID.1785. The cited cases do not support MPS' interpretation.

First of all, it cannot be overstated that cited cases predate the Supreme Court's decision in *Halo v Stryker* by twenty years or more. As such, even if the cited cases once stood for the

6

proposition for which they are offered as support, they would no longer be good law in view of the Supreme Court's recent ruling to the contrary.

However, none of the cited cases should be read to support MPS' interpretations. To the contrary, in each of the cases, the relevant factors were all clearly within the knowledge of the accused infringer. None were known only to an independent outside attorney, thereby making such testimony "necessary".

For example, MPS emphasizes the use of the adjective "all" in the Federal Circuit's statement, in the *3M* case, that "all the circumstances" should be considered. PageID.1785. But the "circumstances" identified by the Federal Circuit were exclusively that: (1) the opinion was only orally delivered, which the Federal Circuit denigrated as "carry[ing] less weight, for example, because they have to be proved perhaps years after the event, based only on testimony which may be affected by faded memories and the forces of contemporaneous litigation" and (2) that it was obtained from an in-house attorney, who the Federal Circuit found to be "not objective" since he was an employee of the defendant. *Minn. Mining & Mfg. Co.*, 976 F.2d at 1580-1. Such facts are clearly known to the accused infringer. As such, there is nothing in *3M* supportive of MPS' position that facts not known to the accused infringer, and only within the possession of someone other than the accused infringer, are relevant to the willfulness inquiry.

The cited portion of *3M* quotes the prior Federal Circuit *Ryco* case, but, in *Ryco*, the accused infringer "never consulted an attorney … at any other time until [the accused infringer] decided to challenge the patents, first by reexamination and then by this declaratory judgment action." *Ryco*, 857 F.2d at 1428. Again, the fact that the accused infringer did not initially even consult an attorney is a fact that is clearly known to the accused infringer.

MPS emphasis the phrase "totality of the circumstances" in the Federal Circuit's *Comark* case as, again, supportive of its position that facts known only to Mr. Jovanovic are relevant to

7

the question of whether Lornic willfully infringed the '225 patent. And, again, a careful reading of the case reveals that the facts considered were well within the knowledge of the accused infringer. Indeed, the Federal Circuit explicitly states that the "legal competence" of the opinion itself was "not challenge[d]", but rather the relevant factor was the "actions [of the client] in directing the creation of this opinion." *Comark*, 156 F.3d at 1191. As with the factors considered in the other cases cited by MPS, whether the accused infringer "direct[ed] the creation of this opinion" is a fact that is certainly known to the accused infringer. *Id*.

Lastly, MPS quotes *Jurgens v CBK*, but does not cite to it, as holding that "the competency requirement applies to both the qualifications of the person giving the opinion and to the content of the opinion itself". PageID.1786. First of all, as indicated, to the extent that Jurgens holds that "facts that the defendant neither knew nor had reason to know at the time he acted" are relevant, it has been overruled by *Halo v Stryker*. *Halo*, 136 S. Ct. at 1933. But such a reading of *Jurgens* fails to account for the fact that the Federal Circuit found fault with the opinion strictly on the basis of it being "conclusory" and not having "a thorough review of the cited prior art and prosecution history." *Jurgens*, 80 F.3d at 1572-3.  Again, whether a written document does, or does not, contain a "thorough review of the cited prior art and prosecution history" is a fact that is certainly known to the accused infringer. *Id*.

None of the decades old Federal Circuit cases cited by MPS support the proposition that facts outside of the knowledge of an accused infringer are relevant to the willfulness inquiry. Consequently, because the willfulness inquiry focuses exclusively on the knowledge of Lornic, Mr. Jovanovic, as an independent party, is not a "necessary" witness.

### 2. Disqualifying Mr. Jovanovic Will Work A Substantial Hardship On Lornic

Lornic is a small business, with limited resources. MPS has deposed the sole employee, Mr. Hahn, on two separate occasions, and, has obtained substantial discovery from Lornic such that MPS is well aware of Lornic's limitations. Indeed, as indicated previously, and as detailed further below, it is precisely because the disqualification of Mr. Jovanovic **will** work a substantial hardship on Lornic, that MPS has chosen to call Mr. Jovanovic as an adverse witness, despite clear precedent that facts solely within Mr. Jovanovic's knowledge are irrelevant to the willfulness inquiry. Moreover, the fact that MPS waited to bring this motion until long after the suit was brought, after the close of fact discovery, and near the end of expert discovery further increases the hardship on Lornic. *See Freeman v. Kulicke & Soffa Industries, Inc.*, 449 F. Supp. 974, 978 (E.D. Penn. 1978) ("[u]nder such circumstances, granting the motion would impose considerable expense and hardship upon the client of disqualified counsel; consequently, a court must be sensitive to the possibility that the motion is tactically motivated").

### 3. MPS Seeks Mr. Jovanovic's Disqualification As A Tactical Device To Gain An Advantage

Courts have long guarded against the use of disqualification as "a tactical device to gain an advantage". *Tesen*, 276 Mich.App. at 143. Factors such as waiting until near the close of discovery, as MPS has done here, have been considered in determining "whether the motion is tactically motivated". *Freeman*, 449 F. Supp. at 978. The timing of MPS' motion is even more suspect, given that it first raised the issue back in April, but did not file the instant motion until the USPTO granted Lornic's IPR, putting MPS' patent at substantial risk of invalidation and, thus, shifting the parties' current negotiating positions. PageID.1816; *see also* Exhibit A at page 1. In other words, the timing of MPS' motion appears more indicative of a retaliatory motive

than any interest by MPS in Mr. Jovanovic's testimony. Indeed, MPS' eagerness to call Mr. Jovanovic as an adverse witness, must be viewed with skepticism given its failure to identify any testimony from his deposition that MPS believes will be helpful to its case. The failure to identify any such testimony, despite hundreds of pages of deposition transcripts, suggests that MPS is less interested in the substance of Mr. Jovanovic's testimony and more interested in simply having Mr. Jovanovic testify in the first place so as to be able to disqualify him as trial counsel.

## II.     CONCLUSION

For each of the foregoing reasons, Lornic respectfully requests that the Court deny Lornic's motion to disqualify Mr. Jovanovic.

Date: July 8, 2019                                    By: *S/ Jovan N. Jovanovic*

Jovan N. Jovanovic  (P66644)
Vladan M. Vasiljevic  (P72453)
THE WATSON IP GROUP, PLC
3133 Highland Drive, Suite 200
Hudsonville, MI 49426
(616) 797-1000 (Telephone)
(866) 369-7391 (Facsimile)
Email: jjovanovic@watson-ip.com,
          vvasiljevic@watson-ip.com